**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FILED**

**FEB 0 9 2024** ᵐᵘᵘ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| RUBEN SANTOYO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-3559 |
| | ) | |
| v. | ) | Judge Martha M. Pacold |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | Magistrate Judge Gabriel A. Fuentes |
| CHICAGO POLICE OFFICER KEVIN SODJA, | ) | |
| and CHICAGO POLICE OFFICER ISAI JUNES, | ) | |
| | ) | |
| Defendants. | ) | |

## Amendment to Motion for Judgment as a Matter of Law

**Judgment Sought**

Plaintiff respectfully requests the Court to enter Judgment as a Matter of Law in Plaintiff's favor on the following claims:

- False Arrest (Count I)

- Malicious Prosecution (Count II)

- Violation of Due Process Rights (Count III)

Plaintiff further requests an award of compensatory and punitive damages in the amount of $3,300,000 USD, plus costs and attorney's fees.

**Law and Facts Supporting Judgment**

**False Arrest (Count I)**

• Legal Basis: Under the Fourth Amendment of the United States Constitution, an officer may only arrest an individual if they have probable cause to believe the person committed a crime. In this case, there was no probable cause to arrest Plaintiff because the Fourth Amendment requires specific, articulable facts, which taken together with rational inferences from those facts, would lead a reasonable officer to believe that the suspect has committed a crime. Moreover, the arresting officers only relied on the false reports of the two intoxicated individuals, which were contradicted by the independent witness, and more recently even at their own deposition the two friends' narratives continue to not match.

This information falls short of credible evidence, a vital component of establishing probable cause under the Fourth Amendment. Additionally, the officers' actions did not meet the standard of reasonable suspicion, meaning a well-founded belief that criminal activity may be underway. The clear discrepancies between the false reports and the contradictory evidence from the independent witness and paramedic statements demonstrate that the officers lacked a justifiable basis for a lawful arrest under the Fourth Amendment.

• • **Key Facts:**

o On July 10th, 2020, at approximately 11:30 PM, Officers Sojda and Junes responded to a false report filed by Ms. Vega and Ms. Poma accusing Plaintiff of battery. Plaintiff matched the physical description provided in the report, but unlike the female accusers who appeared unharmed, he had a half-torn shirt. This detail alone could have raised questions about the validity of the report.

o        Instead, the responding officers, despite witness testimony and paramedic statements contradicting the false report, disregarded this information and arrested Plaintiff without ever even interviewing him.

**Malicious Prosecution (Count II)**

•        Legal Basis: Plaintiff asserts a claim for malicious prosecution under 42 U.S.C. § 1983, which prohibits government officials from depriving individuals of constitutional rights under color of law. This claim arises from the Defendants initiating criminal proceedings against Plaintiff without probable cause and with malice, violating the Fourth Amendment's protection against unreasonable seizures.

•        **Key Facts:**

o        The officers proceeded with the arrest despite lacking probable cause due to the conflicting witness and paramedic statements.

o        Officer Sodja's conduct towards the false reporter raises questions about the officers' motivations and suggests potential bias against Plaintiff.

o        Ultimately, the charges against Plaintiff were dropped, demonstrating the lack of any basis for the arrest.

**Violation of Due Process Rights (Count III)**

•     Legal Basis: The Fourteenth Amendment guarantees citizens the right to due process, encompassing the right to be heard and have evidence considered before being subjected to significant deprivations of liberty.

•     **Key Facts:**

o     The officers, in effecting Plaintiff's arrest, failed to conduct a thorough investigation or gather information directly from Plaintiff. This oversight not only compromises the integrity of the arrest but also infringes upon Plaintiff's due process rights, which demand a fair and comprehensive examination of the circumstances before imposing significant deprivations of liberty.

o     The officers' apparent disregard for witness testimony and conflicting evidence further compounds the violation of Plaintiff's due process rights. The Fourteenth Amendment mandates a fair and impartial consideration of all relevant information, yet the officers' actions demonstrate a failure to adhere to these constitutional principles.

**Conclusion**

The Defendants' actions in this case, as documented by body camera footage and witness statements, demonstrate a clear lack of probable cause for Plaintiff's arrest, malicious intent in pursuing the charges, and disregard for Plaintiff's due process rights. There is no genuine dispute of material fact regarding these claims, and Plaintiff is entitled to Judgment as a Matter of Law on all counts.

DATE: February 9, 2024          BY:    */s/ Ruben Santoyo*
                                                      Pro Se Litigant

Ruben Santoyo, Pro Se Litigant
11701 S Laramie Ave.
Alsip, IL 60803
808-800-9918

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2024, I served a copy of this motion upon all counsel of record by filing the same before the Court via the ECF system.


*/s/ Ruben Santoyo*
Pro Se Litigant